UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBARA TEENOR,

    Cross-Plaintiff,

v.

SUSAN LEBLANC,

    Cross-Defendant.
_____/

Case No. 18-cv-12364

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
ANTHONY P. PATTI

**OPINION AND ORDER GRANTING CROSS-PLAINTIFF BARBARA TEENOR'S MOTION FOR SUMMARY JUDGMENT [#27] AND DENYING CROSS-DEFENDANT SUSAN LEBLANC'S MOTION FOR SUMMARY JUDGMENT [#23]**

**I. INTRODUCTION**

Metropolitan Life Insurance Company ("MetLife") initiated this Interpleader action under the Employee Retirement Income Security Act ("ERISA"), asking the Court to determine the appropriate beneficiary to Decedent Clarence J. Teenor's life insurance policy. MetLife joins four potential beneficiaries: (1) Susan LeBlanc, the domestic partner of the Decedent; (2) Barbara Teenor, the ex-wife of the Decedent; and (3) Theresa Teenor and Nicole Johnson, the daughters of the Decedent.

Present before the Court are Susan LeBlanc and Barbara Teenor's Cross-Motions for Summary Judgment. The Court will resolve the Motions without

hearing oral argument. *See* E.D. Mich. LR 7.1(f)(2). For the reasons set forth below, the Court will GRANT Barbara Teenor's Motion [#27] and DENY Susan LeBlanc's Motion [#23].

## II. BACKGROUND

The Decedent, Clarence Teenor, was a retiree of Fiat Chrysler Automobiles. Dkt. No. 1, p. 3 (Pg. ID 3). Through his former employer, Decedent obtained a life insurance policy funded by MetLife. *Id.*

On January 5, 1970, the Decedent named Barbara Teenor, his then-wife, as the sole primary beneficiary under his life insurance plan. *Id.* at p. 4 (Pg. ID 4). When the two divorced, they agreed to a Statutory Life Insurance Provision that read:

> Defendant, CLARENCE J. TEENOR, shall maintain Plaintiff [BARBARA TEENOR] as principal beneficiary on all life insurance policies so long as spousal support is payable.

Dkt. No. 1-4, pp. 7-8 (Pg. ID 25-26). Under their agreement, spousal support was payable until Barbara Teenor either passed away or remarried. *Id.* at p. 3 (Pg. ID 21). All of this was set forth in the Judgment of Divorce entered by the Wayne County Circuit Court on March 16, 2006. *See* Dkt. No. 1-4.

On August 15, 2009, despite the provision in the Judgment of Divorce, the Decedent named Susan LeBlanc, his then-domestic partner, as primary beneficiary under his life insurance plan. Dkt. No. 1, pp. 4-5 (Pg. ID 4-5). She remained the

listed beneficiary until April 21, 2017, when some unknown individual removed her. *Id.* at p. 5 (Pg. ID 5). Later that evening, the Decedent passed away, leaving behind $49,172 in life insurance proceeds. *Id.*

On May 7, 2017, Barbara Teenor submitted a claim to MetLife for the Decedent's life insurance proceeds pursuant to the Judgment of Divorce. *Id.* Susan LeBlanc also submitted a claim for the insurance proceeds, asserting the April 21, 2017 attempt to remove her from the policy was fraudulent. *Id.* at pp. 5-6 (Pg. ID 5-6). By letter on June 12, 2017, MetLife informed both women that their claims were adverse to one another and raised questions of fact and law that MetLife could not resolve. *Id.* at p. 6 (Pg. ID 6).

MetLife therefore comes to the Court seeking a determination of the proper beneficiary to the Decedent's life insurance benefits. Susan LeBlanc and Barbara Teenor have filed Cross-Motions for Summary Judgment in an attempt to resolve this question.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 56(c) empowers a court to grant summary judgment if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Cehrs v. Ne. Ohio Alzheimer's Research Ctr.*, 155 F.3d 775, 779 (6th Cir. 1998). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party.

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1968). There is a genuine issue of material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Mere allegations or denials in the non-movant's pleadings will not suffice, nor will a mere scintilla of evidence supporting the non-moving party. *Id.* at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. *Id.* at 252.

## IV. DISCUSSION

### A. ERISA Does Not Preempt the Decedent and Barbara Teenor's Judgment of Divorce.

Susan LeBlanc argues that Barbara Teenor's claim to the Decedent's life insurance benefits must fail because ERISA preempts the Judgment of Divorce entered by the Wayne County Circuit Court. Further, that pursuant to ERISA, the proceeds under the Decedent's policy must be distributed to the named beneficiary at the time of his death. In this case, to Susan LeBlanc. Barbara Teenor responds by arguing that the Judgment of Divorce is a Qualified Domestic Relations Order ("QDRO"), and thus, constitutes an exception to the ERISA preemption rules. The Court will agree.

It is well established that ERISA preempts any state law relating to employee benefit plans. *Metropolitan Life Ins. Co. v. Marsh*, 119 F.3d 415, 420 (6th Cir. 1997) ("Congress mandated that ERISA 'shall supersede any and all State

-4-

laws insofar as they may now or hereafter relate to any employee benefit plan' covered by the statute.") (quoting 29 U.S.C. § 1144(a)).  As such, "ERISA itself supplies the rule of law for determining [a] beneficiary."  *Id.*  Specifically, § 1104(a)(1)(D) requires that "plan administrators follow plan documents to determine the designated beneficiary."  *Id.*

One exception to this general rule arises where employee plan benefits are the subject of a QDRO.  *See id.* at 421 (holding 29 U.S.C. § 1144(b)(7) excepts QDROs from ERISA preemption with respect to welfare plans).  A QDRO, in relevant part, is defined as any state judgment, decree, or order "which relates to the provision of child support, alimony payments, or marital property rights to a spouse, former spouse, child, or other dependent of a participant."  *See* 29 U.S.C. § 1056(d)(3)(B).  In addition, it must specify:

   i. the name and last known mailing address (if any) of the participant and the name and mailing address of each alternate payee covered by the order,

   ii. the amount or percentage of the participant's benefits to be paid by the plan to each such alternate payee, or the manner in which such amount or percentage is to be determined,

   iii. the number of payments or period to which such order applies, and

   iv. each plan to which such order applies.

29 U.S.C. § 1056(d)(3)(C).  The Sixth Circuit has held that state court judgments, orders, and decrees entered after 1985 -- such as the case here -- must do more than

"substantially comply" with the requirements set forth in § 1056(d)(3)(C). *See Sun Life Assurance Co. of Canada v. Jackson*, 877 F.3d 698, 701 (6th Cir. 2017) (recognizing that the Sixth Circuit's opinion in *Marsh*, which set forth a "substantially comply" standard, was limited to pre-1985 QDROs). Indeed, they must "clearly specify" the required information. *Id.* Still, § 1056(d)(3)(C) does not demand "strict" compliance. *Id.* at 702; *see also Metropolitan Life Ins. Co. v. Wheaton*, 42 F.3d 1080, 1084 (7th Cir. 1994) ("The requirement of clear specification is designed to spare the plan administrator from litigation-fomenting ambiguities as to who the beneficiaries designated by the divorce decree are.").

Here, the Court finds that the Judgment of Divorce meets the statutory requirements of § 1056(d)(3)(C). First, the Judgment of Divorce clearly identifies the names of (1) the Decedent, the life insurance plan's participant; and (2) Barbara Teenor, the alternate payee. *See* Dkt. No. 1-4, pp. 7-8 (Pg. ID 25-26) ("Defendant, CLARENCE J. TEENOR, shall maintain Plaintiff [Barbara Teenor] as principal beneficiary on all life insurance policies so long as spousal support is payable."). While the Judgment of Divorce does not identify their mailing addresses, the legislative history of § 1056(d)(3)(C) makes clear that this is not a fatal defect:

> The Committee intends that an order will not be treated as failing to be a qualified order merely because the order does not specify the current mailing address of the participant and alternate payee if the plan administrator has reason to know that address independently of the order.

S. Rep. No. 575, 98th Cong., 2d Sess., *reprinted in* 1984 U.S.C.C.A.N., at 2546, 2566; *see also Stewart v. Thorpe Holding Co. Profit Sharing Plan*, 207 F.3d 1143, 1151 (9th Cir. 2000) ("[C]ourts that have ruled on this issue have liberally interpreted the address requirement for a valid QDRO in light of its purpose as an 'aid [to] plan administrators in identifying and locating alternate payees under a QDRO.'") (quoting *Tolstad v. Tolstad*, 527 N.W.2d 668, 673 (N.D. 1995)). Here, the Decedent's mailing address was already known, as it was contained within the plan administrator's records. *See* Dkt. No. 1-5. With respect to Barbara Teenor, courts have found it sufficient where the state court judgment, decree, or order contains the mailing address of the individual's attorney. *See, e.g.*, *Trs. of Dirs. Guild of America-Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 426 (9th Cir. 2000); *Metropolitan Life Ins. Co. v. Bigelow*, 283 F.3d 436, 443-44 (2d Cir. 2002); *Metropolitan Life Ins. Co. v. Williams*, 82 F. Supp. 2d 1346, 1352-53 (M.D. Fla. 1999); *In re Williams*, 50 F. Supp. 2d 951, 959 (C.D. Cal. 1999). Here, the Judgment of Divorce contains the address of Neil C. DeBlois, Barbara Teenor's divorce counsel.[1]

---

[1] Given that the Judgment of Divorce was entered nearly thirteen years ago, Mr. DeBlois' contact information may be outdated. However, contact information for attorneys in the state of Michigan is a matter of public record, and thus, Mr. DeBlois' current mailing address and phone number can be located with ease. *See also Mattingly v. Hoge*, 260 F. App'x 776, 780 (6th Cir. 2008) ("[A] tribunal . . . cannot be asked to definitively guarantee that the beneficiary will reside at the

Second, the Judgment of Divorce specifies the percentage of the Decedent's life insurance benefits to be paid to Barbara Teenor. As the principal beneficiary, she stood to receive 100% of the benefits under the policy. *See Jackson*, 877 F.3d at 703-04 (naming individual as primary beneficiary entitled them to 100% of the benefit proceeds). Third, the Judgment of Divorce identifies the applicable period to which the order was to apply. Per the agreement, the Decedent was required to maintain Barbara Teenor as the principal beneficiary so long as spousal support was payable. Here, it is undisputed that spousal support was payable up until the time of the Decedent's death. Finally, the Judgment of Divorce specified that Barbara Teenor was to be kept as the principal beneficiary on "all life insurance policies," necessarily encompassing the plan at issue. *See id.* at 704 (holding the language "all employer-provided life insurance" sufficiently identified the plan at issue). Therefore, the fourth statutory requirement is also met.

In short, the Court finds that the Decedent and Barbara Teenor's Judgment of Divorce satisfies the four statutory requirements of a QDRO. As an exception to ERISA's preemption rules, the Judgment of Divorce controls the distribution of the Decedent's life insurance benefits. Though Susan LeBlanc contends that awarding Barbara Teenor these proceeds would lead to a windfall, the explicit language of the Judgment of Divorce does not place any limits on Barbara

---

same address and receive any and all mailings sent to the location identified in the decree.").

Teenor's entitlement. *See In re Estate of Lobaina*, 267 Mich. App. 415, 417-418 (2005) ("Because the judgment of divorce was entered upon the settlement of the parties, it represents a contract, which, if unambiguous, is to be interpreted as a question of law."). Accordingly, the Court finds that Barbara Teenor is the rightful beneficiary to 100% of the proceeds.

> **B. Even if the Judgment of Divorce did Not Meet the Statutory Requirements of a QDRO, the Court has the Authority to Impose a Constructive Trust Over the Decedent's Life Insurance Proceeds.**

"It is clear that the law of this Circuit requires the ERISA plan administrator to pay out plan proceeds in accordance with the ERISA plan documents. However, there is no precedent binding on this Court on the issue of whether, once the beneficiary is determined, ERISA preempts all causes of action and possible remedies based upon state law that might be traced to the ERISA plan proceeds." *Central States, SE & SW Areas Pension Fund v. Howell*, 227 F.3d 672, 678 (6th Cir. 2000). The Sixth Circuit has explicitly held "that once the benefits of an ERISA employee welfare benefit plan have been distributed according to the plan documents, ERISA does not preempt the imposition of a constructive trust on those benefits." *Id.* at 678-79.

In *Howell*, for example, the Sixth Circuit concluded that the district court had authority to impose a constructive trust over the decedent's ERISA benefits where the decedent had changed the beneficiary under his life insurance policy

from his then-wife to his children, in violation of a state court order. *Id.* at 679. The facts here are virtually indistinguishable.

Pursuant to the Judgment of Divorce, the Decedent was required to maintain Barbara Teenor as the "principal beneficiary on all life insurance policies so long as spousal support [was] payable." *See* Dkt. No. 1-4, pp. 7-8 (Pg. ID 25-26). Decedent violated this court order when, on August 15, 2009, he named Susan LeBlanc as his principal beneficiary. Under these circumstances, the laws of equity would appear to compel the Court to impose a constructive trust over the Decedent's life insurance proceeds in Barbara Teenor's favor. *See Howell*, 227 F.3d at 679 ("[T]he district court has the discretion to impose a constructive trust upon those benefits in accordance with the applicable state law if equity so requires."); *Ooley v. Collins*, 344 Mich. 148, 158 (1955) (holding a constructive trust may be impressed upon property where such trust is necessary "to do equity or prevent unjust enrichment"). For now, however, the Court will reserve judgment.[2]

---

[2] Before the Court could have imposed a constructive trust, it would have needed to resolve several factual questions. Most notably, whether Susan LeBlanc -- assuming for the moment that she was the rightful beneficiary to the Decedent's life insurance proceeds -- contributed in any way to his violation of the Judgment of Divorce. *See Ooley*, 344 Mich. at 158 (holding a constructive trust should not be imposed upon property owned by parties who have in no way contributed to the reasons for imposing a constructive trust).

## V. CONCLUSION

For the reasons stated herein, the Court will GRANT Cross-Plaintiff Barbara Teenor's Motion for Summary Judgment [#27] and DENY Cross-Defendant Susan LeBlanc's Motion for Summary Judgment [#23].

IT IS SO ORDERED.

Dated: May 10, 2019

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, May 10, 2019, by electronic and/or ordinary mail.

s/Teresa McGovern
Case Manager